Mark W. Lischwe (I.D. #010352)
MARK W. LISCHWE, P.C.
141 East Palm Lane, Suite 201
Phoenix, Arizona 85004
Telephone: (602) 252-7552
Fax: (602) 252-7338
email: m.lischwe@att.net
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>JEFFREY ROBERT TROZZO,<br>SHARON DIANA TROZZO,<br><br>    Debtors.<br>_____<br><br>BAC HOME LOANS SERVICING,<br>L.P. FKA COUNTRYWIDE HOME<br>LOANS SERVICING, L.P.,<br><br>    Movant,<br><br>vs.<br><br>JEFFREY ROBERT TROZZO,<br>SHARON DIANA TROZZO,<br>Edward J. Maney, Trustee,<br><br>    Respondents.<br>_____ | Chapter 13<br><br>Case No. 2:08-bk-06828-EWH<br><br>RESPONSE TO MOTION FOR RELIEF<br>FROM THE AUTOMATIC STAY |

        Debtors, Jeffrey and Sharon Trozzo, by undersigned counsel, hereby respond to the Motion for Relief from the Automatic Stay filed by BAC Home Loans Servicing, L.P. ("Movant") and state as follows:

        1.    Debtors are without sufficient information to form a belief that Movant has a security interest in the real property of the Debtors and therefore deny same.

        2.    Upon the filing of the Debtors' Chapter 13 Proceeding, the Debtors were in arrears on their mortgage payments.

        3.    Debtors prepared a Chapter 13 Plan that provides for adequate protection of the mortgage company's interest in that the Debtors are paying all arrearages to the mortgage company through the Chapter 13 Trustee and is further adequately protected by the believed equity cushion in the property.

4. Debtors have not contacted undersigned counsel in response to Movant's Motion or counsel's requests, however, no indication has been given to counsel that the Debtors are desirous of surrendering their residence. Should Debtors elect to surrender the residence, undersigned counsel with withdraw this Response.

5. The Debtors believe that continued possession of the property is necessary for an effective reorganization. As per the holding of United States Assoc. v. Timbers of Inwood Forest, 484 U.S. 365, 98 L.Ed.2d 740, 108 S. Ct. 626 (1988), the continued possession of the property by the Debtors is "essential" for an effective reorganization, and there is a "reasonable possibility of a successful reorganization within a reasonable time."

6. The party moving for lift of stay must, in the first instance, establish a sufficient basis for relief; only then does the burden of proof lie with the Debtor to demonstrate that he/she is entitled to the stay. In re Curtis, 40 Bankr. 795 Utah (D.C.D. 1984); 11 U.S.C. Sec. 362(d)(1); In re UNR Industries, Inc., 54 Bankr. 263 (B.C.N.D. Ill. 1985). In re Planned Systems, Inc., 78 BR 852 (B.C.S.D. Ohio 1987); In re Kim, 71 B.R. 1011 (B.C.C.D. Cal 1987). As stated in In re Kim, "... a creditor seeking relief from the automatic stay has the burden proving evidence to make a prima facie case that the creditor is entitled to relief from the stay. In re Kim, supra at p. 853.

7. An equity cushion alone is itself generally sufficient to constitute adequate protection. In re San Clemente Estates, 5 B.R. 605 (B.C.S.D. Cal. 1980); In re Johnston, 38 B.R. 34 (B.C.D.C. Vt. 1983); In re Grant, 29 B.R. 375 (B.C. M.D. Pa. 1983). Matter of Rice, 82 B.R. 623 (S.D. Ga. 1987). This is true even if penalties and interest are accruing because creditor remains fully secured. In re Johnston, supra.

An equity analysis, however, is not the sole aspect of determining whether to modify the stay and even if the Debtors have no equity in the property, this is not sufficient standing alone to grant relief from the stay. In re Mellow, 734 F. 2d 1396 (9th Cir. 1984). Disparity between the amount of debt and the collateral is not evidence of lack of adequate protection, and is not grounds for vacating the stay. In re Ausherman, 34 B.R. 393 (N.D. Ill. 1983).

If the existence of equity by the Debtor in the property were the sole criterion in determining whether there is adequate protection of a secured creditors' interest, then the stay would

have to be lifted against tangible property in nearly every consumer bankruptcy. This result would be contrary to the spirit and purpose of the Bankruptcy Code.

8. Debtors deny any allegations not specifically responded to herein.

**WHEREFORE,** premises considered, Respondents Trozzo pray that Movant's Motion for Relief From Stay be denied and for such other and further relief as ths Court deems just and equitable in the premises.

DATED this 11th day of November, 2009.

MARK W. LISCHWE, P.C.

By/s/ MWL - #010352
Mark W. Lischwe
141 East Palm Lane, Suite 201
Phoenix, Arizona 85004
Attorney for Debtors

COPY of the foregoing mailed/
hand delivered the 12th day
of November, 2009, to:

Mark S. Bosco, Esq.
TIFFANY & BOSCO, P.A.
2525 East Camelback Road, Third Floor
Phoenix, Arizona 85016
Attorneys for Movant

Mr. Edward J. Maney
P. O. Box 10434
Phoenix, Arizona 85064
Trustee

/s/ Kelly J. Andersen